# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT PHONEPRASITH,<br><br>                    Plaintiff,<br><br>v.<br><br>BRIAN GREFF, TAMMY DEVRIES,<br>and MICHAEL BERNSTEIN,<br><br>                    Defendants. | Case No. 19-CV-456-JPS<br><br>**ORDER** |

      On August 21, 2019, the Court issued a screening order in which it permitted Plaintiff to proceed on one claim of retaliation in violation of the First Amendment against the above-captioned Defendants. (Docket #10). On October 3, 2019, Plaintiff filed a tardy motion for reconsideration under Federal Rules of Civil Procedure ("FRCP") 59(e) and 60(b). (Docket #11). Plaintiff argues that the untimeliness of his motion should be excused under Rule 60(b) because the delay was the result of the law library's inefficiencies. *Id.* at 1–2. FRCP 6(b) (not 60) permits the Court to extend time of time upon a showing of excusable neglect. However, "[a] court must not extend the time to act under Rules. . .59(e). . .and 60(b)." Fed. R. Civ. P. 6(b)(2).

      Rule 59(e) empowers a court to alter or amend a judgment on motion by a party, but the Rule applies only to judgments, not the Court's non-final orders, and it has a firm 28-day deadline. Fed. R. Civ. P. 59(e). ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Therefore, the only rule of procedure that applies at this juncture is FRCP 60(b), which requires motions be made "within a

reasonable time," offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chi.*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). Simply asserting "that the . . . court's underlying judgment was wrong . . . is an impermissible use of Rule 60(b)." *Tylon*, 97 F. App'x at 681.

Plaintiff is not entitled to the extraordinary relief afforded by FRCP 60(b). His motion presents no more than his disagreement with the Court's legal conclusions. This is not a proper basis for granting relief under Rule 60(b). In its screening order, the Court determined that Plaintiff could proceed with his complaint for retaliation against certain DCI employees who changed his library usage times, withheld jury instructions, and transferred him to another institution. (Docket #10). The Court found, based on the very liberally construed allegations in the complaint, that Plaintiff had engaged in a protected activity (filing a grievance) and was retaliated against by being denied access to the law library and transferred to a prison. *Id.* at 8. The causal basis for this claim as to the three above-captioned defendants was, at screening, sufficiently alleged. However, the Court explained that Plaintiff could not sue every single person involved in the complaint review and transfer processes merely because they did not halt the transfer or comport themselves the way that Plaintiff believes they should have. *Id.* The allegations against the former defendants were simply too tenuous, even liberally construed. (Docket #10 at 8–9) (explaining the lack of causal connection). For example, Plaintiff never alleged that he had

any interactions with the former defendants that would prompt them to retaliate against him—only that he submitted complaints, and then wrote letters when his complaints did not have his intended result. The facts that these former defendants recommended and approved the transfer, and rejected his inmate complaints as premature, are insufficient to suggest that they condoned a retaliatory transfer in violation of his constitutional rights. The mere fact that they were involved in the complaint examination and transfer processes does not give rise to a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009).

Plaintiff belabors and contorts various selections of the Department of Correction ("DOC") regulations in order to argue that he has stated a claim for a constitutional violation, but even liberally construed, these allegations fall short. For example, Plaintiff contends that his rights were violated because the DOC regulations require complaint examiners to look into every complaint, but that is not what the regulation says. The regulation states that "the department shall maintain an inmate complaint review system. . .[and] shall. . .allow an inmate to pursue a complaint of retaliation through the ICRS." Wis. Admin. Code DOC § 310.04(1)(g). In other words, the regulations require institutions to allow inmates to submit complaints, and Plaintiff was allowed to submit a complaint of retaliation through the ICRS. The regulations also allow inmate complaint examiners to reject complaints. *Id.* § 310.10(6) (listing the reasons an examiner may reject a complaint, including having failed to exhaust administrative remedies, which is why Plaintiff's complaints were rejected). Plaintiff disagrees with the outcome of his complaints, and with the Court's screening order, but that does not give rise to a constitutional violation.

As the Court previously stated, "[p]ublic officials do not have a free-floating obligation to put things to right." *Raemisch*, 555 F.3d at 595–96. They "are entitled to relegate" tasks and duties to various employees, and may rely on the determinations made by complaint examiners. *Id.* It follows, then, that employees who are involved in transfer decisions are permitted to rely on the suggestions and conclusions made by their colleagues, without becoming liable by proxy because those colleagues may have had retaliatory motives. Plaintiff has proffered no new facts or law to suggest that the Court made a mistake. Plaintiff may submit amended pleadings in this case until November 25, 2019. If he chooses it do so, he is encouraged to use the pro se prisoner complaint form to streamline the relevant facts and facilitate the Court's review of those facts.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #11) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge