# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT PHONEPRASITH,

                Plaintiff,

v.

BRIAN GREFF, TAMMY DEVRIES, and MICHAEL BERNSTEIN,

                Defendants.

Case No. 19-CV-456-JPS

**ORDER**

## 1.    INTRODUCTION

On August 21, 2019, the Court issued a screening order in which it permitted Plaintiff to proceed on one claim of retaliation in violation of the First Amendment against the above-captioned Defendants. (Docket #10). Defendants filed a motion for summary judgment, (Docket #24), and, on March 5, 2021, the Court granted it and dismissed the case, (Docket #43). On April 5, 2021, Plaintiff filed a motion for reconsideration. (Docket #45). After bringing that motion, Plaintiff filed two motions for sanctions against Defendants' attorney. (Docket #47, #52). For the reasons stated below, the Court will deny Plaintiff's motions.

## 2.    LEGAL FRAMEWORK

Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

3. **PROCEDURAL BACKGROUND**

In its scheduling order entered October 24, 2019, the Court instructed Plaintiff as to the requirements for opposing a motion for summary judgment. (Docket #15 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they similarly warned Plaintiff about the requirements for his response as set forth in the federal and local rules and provided him with copies of those rules. (Docket #24 at 1, 3–11).

In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable rules. (Docket #26). It contained short, numbered paragraphs concisely stating those facts which they proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. (*Id.*)

As the party opposing Defendants' motion, Plaintiff was required to file "a concise response to the moving part[ies'] statement of facts" along with "a reproduction of each numbered paragraph in the moving part[ies'] statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon." Civ. L.R. 56(b)(2)(B). Plaintiff failed to do this timely.

On July 24, 2020, Plaintiff filed an affidavit with attached exhibits (totaling 82 pages) to support his brief in opposition, (Docket #32; #32-1), but he did not provide a response to Defendants' proposed facts. On August 6, 2020, Defendants filed a short reply brief, which stated that Plaintiff had failed to respond to Defendants' proposed findings of fact and that Plaintiff did not submit his own proposed findings of fact that complied with the rules. (Docket #33 at 1). On August 17, 2020, seemingly in response to Defendants' reply brief, Plaintiff filed a motion for an extension of time to file a response to Defendants' proposed findings of fact and to file his own proposed findings of fact. (Docket #34). Plaintiff stated that he needed this extra time due to the COVID-19 pandemic, which limited his library time. (*Id.*)

On March 5, 2021, the Court denied Plaintiff's request for an extension of time. (Docket #43 at 4). The Court reasoned that, despite his stated troubles accessing the law library, Plaintiff was able to draft a twenty-page brief in opposition, a fifteen-page affidavit, and attach sixty-two pages of exhibits. (*Id.*) The Court further noted that Plaintiff did not ask for more time when he filed his brief in opposition—he only asked for more time after his error was pointed out to him in Defendants' reply brief. (*Id.*) Accordingly, the Court held that "[t]he effect of this failure [was] that, for

the purpose of deciding summary judgment, Defendants' uncontroverted statements of material fact are deemed admitted." (*Id.*) (citing Fed. R. Civ. P. 56(e); Civ. L.R. 56(b)(4); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 607–08 (7th Cir. 2008) ("[A] district court is entitled to demand strict compliance with [the local] rules for responding to a motion for summary judgment, and . . . a court does not abuse its discretion when it opts to disregard facts presented in a manner inconsistent with the rules."); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against pro se litigants)). Plaintiff now moves the Court for relief under Rule 59(e).

4.   **ANALYSIS**

Plaintiffs has not established "a manifest error of law or . . . newly discovered evidence" which would allow the Court to alter or amend its judgment. *Obriecht*, 517 F.3d at 494. Plaintiff filed a response to Defendants' motion for summary judgment but failed to respond specifically to Defendants' proposed findings of fact and did not submit any of his own proposed findings of fact. Under Federal Rule of Civil Procedure 56(e),

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P 56(e). Plaintiff would like to have been given an opportunity to properly support or address the facts under subsection (1), but the Court opted to follow subsection (2) and considered the facts undisputed. The Court's decision was reasoned and expressly permitted under the Federal Rules of Civil Procedure. Likewise, under Civil Local Rule 56(b)(4), "[t]he Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment." Civ. L.R. 56(b)(4).

Quoting the Advisory Committee's note on Rule 56(e), Plaintiff writes,

> summary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements. Nor should it be denied by default even if the movant completely fails to reply to a nonmovant's response. Before deciding on other possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact. In many circumstances this opportunity will be the court's preferred first step.

(Docket #45 at 3) (quoting Fed. R. Civ. P. 56(e) advisory committee's note to 2010 amendment). Indeed, "a failure to file a timely response to [a motion for summary judgment] is not a basis for *automatically* granting summary judgment as some kind of sanction." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (emphasis added). This is what the Advisory Committee meant when it noted that summary judgment cannot be entered by "default" for failure to comply with Rule 56(c). But a district court may "permissibly appl[y] Local Rule 56(b)(4) to deem [a movant's] facts unopposed, regardless of [a non-movant's] later filings." *Id.* (citing *Flint v. City of Belvidere*, 791 F.3d 764, 766–67 (7th Cir. 2015)).

Here, the Court did not "automatically" grant Defendants summary judgment because of Plaintiff's failure to respond to or contest the facts as stated by Defendants. Instead, the Court issued a twenty-page, thoroughly cited order in which it applied First Amendment law to the facts as stated by Defendants. (Docket #43); *see Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011) (noting that a movant "still had to show that summary judgment was proper given the undisputed facts"). The Court properly applied the relevant federal and local rules, and Plaintiff has not met his burden under Rule 59(e).

5. **PLAINTIFF'S MOTIONS FOR SANCTIONS**

Plaintiff also moves the Court for sanctions against Defendants' attorney for the allegedly "frivolous" brief that Defendants submitted in response to Plaintiff's motion for reconsideration. (Docket #47, #52). Under Federal Rule of Civil Procedure 11, by signing and presenting a pleading to a federal court,

> an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

In their brief, Defendants describe Plaintiff's argument on reconsideration as follows: "[Plaintiff] erroneously believes he lost the case by default judgment." (Docket #46 at 3). Plaintiff argues that this is a "mislead[ing]" characterization of his argument and that Defendants' counsel intended it to cause unnecessary delay and to harass Plaintiff. (Docket #47 at 1). Specifically, Plaintiff notes that he does not use the phrase "default judgment" anywhere in his motion for reconsideration. (*Id.* at 3).

The Court will not get caught up in a thicket of word games. In Plaintiff's motion for reconsideration, he relies on the Advisory Committee's Note on Rule 56(e), which discusses how a court should not grant summary *judgment* by *default* when a party fails to support an assertion of fact or fails to properly address another party's assertion of fact. *See* Fed. R. Civ. P. 56(e) advisory committee's note to 2010 amendment. Defendants argued that Plaintiff's reliance on this Note was faulty since Defendants' motion for summary judgment was not granted by default (i.e., it was not a "default judgment"). That Plaintiff never used the phrase "default judgment" is irrelevant. The Note only applies to default judgment situations; thus, Plaintiff implicitly argued that the Court granted a default judgment. Defendants have not misled the Court or filed a frivolous brief, and, while a winning legal argument is likely to distress the opposing party, good legal advocacy is not harassment.

### 6. CONCLUSION

Based on the above, the Court will deny Plaintiff's motions for reconsideration and for sanctions.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #45) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motions for sanctions (Docket #47, #52) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge